Matter of Edward C. Y. v Jessica E. H. (2023 NY Slip Op 05215)

Matter of Edward C. Y. v Jessica E. H.

2023 NY Slip Op 05215

Decided on October 12, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 12, 2023

Before: Kapnick, J.P., Oing, Moulton, Higgitt, JJ. 

Docket No. O-8240/20 Appeal No. 776 Case No. 2022-04845 

[*1]In the Matter of Edward C. Y., Petitioner-Respondent,
v
Jessica E. H., Respondent-Appellant.

Jessica M. Brown, Hartsdale, for appellant.
Larry S. Bachner, New York, for respondent.
Leslie S. Lowenstein, Woodmere, attorney for the child.

Order of protection, Family Court, New York County (Jacob K. Maeroff, Referee), entered on or about October 24, 2022, which, upon a fact-finding determination that respondent committed the family offenses of reckless endangerment in the second degree and menacing in the second degree and, directed that respondent refrain from committing any criminal or family offenses against the parties' child until July 27, 2024, unanimously affirmed, without costs.
Although the record does not reflect that respondent provided written consent to the order of reference (see CPLR 4317[a]), respondent implicitly consented to the order of reference by actively participating in the proceeding without challenging the Referee's jurisdiction (see Matter of Vanessa R. v Christopher A.E., 173 AD3d 412, 413-414 [1st Dept 2019], lv denied 34 NY3d 948 [2019]).
A fair preponderance of the evidence supports the Referee's finding that respondent committed the offense of menacing in the second degree (Family Ct Act § 832; Penal Law § 120.14[1]). The child testified that respondent, while holding a fork about four or five inches from her face, made jabbing motions and threatened to stab her in the eye with it (see Matter of Irma A. v David A., 139 AD3d 454, 455 [1st Dept 2016]). The fork constituted a dangerous instrument under the circumstances, as it was readily capable of causing serious physical injury (see Matter of Marta M. v Gopal M., 212 AD3d 524, 525 [1st Dept 2023]). Because respondent's conduct created a substantial risk of serious physical injury to the child, the finding that respondent committed the offense of reckless endangerment in the second degree was also warranted (see Penal Law § 120.20). The Referee was entitled to credit the child's testimony, and we find no basis to disturb the Referee's credibility determinations (see Matter of Lisa S. v William V., 95 AD3d 666 [1st Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 12, 2023